IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00963-BNB

JOSE LUIS RIOS AVILA, erroneously named as
JOSE LUIS RIOS AUILA,

    Plaintiff,

v.

DAVID TURNER, and
FERNANDO FREYRE,

    Defendants.

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT

    Jose Luis Rios Avila is incarcerated at the Denver County Jail. The clerk of the Court will be directed to correct its docketing records to spell Plaintiff's last name correctly, i.e., Avila, not Auila.

    Mr. Avila, acting *pro se*, filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) and a letter (ECF No. 1) challenging the representation by his defense attorneys in his state court criminal proceedings, their insistence that he waive his speedy trial rights, and their allegation that he is incompetent to stand trial.

    On April 4, 2014, Magistrate Judge Boyd N. Boland entered an order to cure deficiencies (ECF No. 4) that directed Mr. Avila, who appeared to assert habeas corpus claims, to cure certain deficiencies in the case within thirty days. Those deficiencies included to file an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on the Court-approved form, name his current custodian as Respondent, and file an

amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on the Court-approved form together with a certificate showing the current balance in his prison account.  On the same day the order to cure was entered, Mr. Avila filed a Prisoner Complaint (ECF No. 5) pursuant to 42 U.S.C. § 1983 and an uncertified copy of his trust fund account statement (ECF No. 6).

In the Prisoner Complaint, Mr. Avila again sues his defense attorneys, David Turner and Fernando Freyre, who are state public defenders, because he disagrees with the manner of their representation.  As relief, he asks to be represented by different attorneys.  It is not clear whether Mr. Avila has been convicted or whether the criminal charges against him are pending.  In either case, he may not sue his defense counsel.  Whether Mr. Turner and Mr. Freyre are private attorneys representing Mr. Avila or public defenders, they are not state actors under § 1983 and are not proper parties to this action.  *See Polk County v. Dodson*, 454 U.S. 312, 318 & 325 (1981); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994).  In addition, this Court lacks authority to compel the state courts to substitute Plaintiff's counsel.  *See* 28 U.S.C. § 1361.

Mr. Avila will be directed to file an amended Prisoner Complaint that clarifies whether the criminal charges against him remain pending or whether he already has been convicted.  In addition, he must file an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his six-month trust fund account statement obtained from the appropriate prison official.  Mr. Avila failed to complete all the pages of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 he submitted on April 3, 2014 (ECF No. 3).  Specifically, he failed to complete the Authorization.  ECF No. 3 at 4.  In addition, the

account statement he submitted on May 2, 2014 (ECF No. 6), is incomplete because it is missing a certification by the appropriate prison official as to the amount in Plaintiff's inmate trust fund account.  The Certificate of Prison Official filed on April 3 as part of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3 at 3) is deficient because Mr. Avila failed to attached a copy of his  inmate trust fund account statement for the past six months as directed.

The amended Prisoner Complaint Mr. Avila will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Avila must assert his claims in a manner that is clear and concise and allows

...

the Court and each defendant to understand and respond to each asserted claim. Mr. Avila must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Avila must present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Avila must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. A long, chronological recitation of facts is not necessary. Neither the Court nor defendants are required to sift through Mr. Avila's allegations to determine the heart of each claim.

The Prisoner Complaint must allege facts that demonstrate how each of the named defendants personally participated in the asserted constitutional violations. In order to state a claim in federal court, Mr. Avila "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Section 1983 "provides a federal cause of action against any person who, acting

under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Mr. Avila should name as defendants in the amended complaint only those persons he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Avila must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created,

5

implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Avila may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Avila uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Avila will be given an opportunity to cure the deficiencies by submitting an amended Prisoner Complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, alleges specific facts that clarify whether the criminal charges against him remain pending or whether he already has been convicted, and demonstrates how each named defendant personally participated in the asserted constitutional violations. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint. Mr. Avila is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may bar recovery if Mr. Avila seeks to refile in this Court because the two-year statute of limitations may have expired on his § 1983 claims.

Accordingly, it is

ORDERED that the clerk of the Court correct its docketing records to reflect the proper spelling of Plaintiff's last name, i.e., Avila, not Auila.  It is

FURTHER ORDERED that the clerk of the Court also correct its docketing records to reflect that this case is a civil rights filed pursuant to 42 U.S.C. § 1983 and not a habeas corpus action pursuant to 28 U.S.C. § 2241.  It is

FURTHER ORDERED that Plaintiff, Jose Luis Rios Avila, file **within thirty (30) days from the date of this order** an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use those forms in filing an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, the Prisoner Complaint and action may be dismissed without further notice.

DATED May 14, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge