IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00963-BNB

JOSE LUIS RIOS AVILA,

    Plaintiff,

v.

DAVID TURNER, and
FERNANDO FREYRE,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Jose Luis Rios Avila, currently is incarcerated at the Denver County Jail. He attempted to initiate the instant action by submitting *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) and a letter (ECF No. 1) challenging the representation by his defense attorneys in his state court criminal proceedings, their insistence that he waive his speedy trial rights, and their allegation that he is incompetent to stand trial.

    On April 4, 2014, Magistrate Judge Boyd N. Boland entered an order to cure deficiencies (ECF No. 4) that directed Mr. Avila, who appeared to assert habeas corpus claims, to cure certain deficiencies in the case within thirty days. Those deficiencies included to file an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on the Court-approved form, name his current custodian as Respondent, and file an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on the Court-approved form together with a certificate

showing the current balance in his prison account. On the same day the order to cure was entered, Mr. Avila filed a Prisoner Complaint (ECF No. 5) pursuant to 42 U.S.C. § 1983 and an uncertified copy of his trust fund account statement (ECF No. 6).

In the Prisoner Complaint, Mr. Avila again sued his defense attorneys, state public defenders David Turner and Fernando Freyre, because he disagreed with their representation. As relief, he asked to be represented by different attorneys. It was not clear to the Court whether Mr. Avila had been convicted or whether the criminal charges against him were pending. In either case, he was informed in an order entered on May 14, 2014 (ECF No. 8), that he may not sue his defense counsel, and he was directed to cure deficiencies and file an amended Prisoner Complaint. The May 14 order noted that whether Mr. Turner and Mr. Freyre are private attorneys representing Mr. Avila or public defenders, they are not state actors under § 1983 and are not proper parties to this action. *See Polk County v. Dodson*, 454 U.S. 312, 318 & 325 (1981); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994). The May 14 order also noted that this Court lacks authority to compel the state courts to substitute Plaintiff's counsel. *See* 28 U.S.C. § 1361.

The May 14 order directed Mr. Avila to file within thirty days an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his six-month trust fund account statement obtained from the appropriate prison official. The order further directed him to file an amended Prisoner Complaint that clarified whether the criminal charges against him remained pending or whether he already has been convicted.

Mr. Avila also was informed in the May 14 order that the amended Prisoner Complaint must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and alleged the personal participation of each named Defendant. The order warned him that if he failed to cure the designated deficiencies and file an amended Prisoner Complaint within thirty days, the action may be dismissed without prejudice and without further notice.

Mr. Avila has failed within the time allowed to cure the designated deficiencies, file an amended Prisoner Complaint as directed, or otherwise communicate with the Court in any way. Therefore, the Prisoner Complaint and the action will be dismissed without prejudice for Mr. Avila's failure to cure the designated deficiencies and file an amended Prisoner Complaint as directed within the time allowed, and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Avila files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 5) and the action are dismissed without prejudice pursuant to Rules 8 and 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Jose Luis Rios Avila, to cure the deficiencies designated in the order to cure of May 14, 2014 (ECF No. 8), and file an amended

Prisoner Complaint as directed within the time allowed, and for his failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  27th  day of    June           , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court